**2022-1093**

IN THE

# United States Court of Appeals for the Federal Circuit

————

PROMPTU SYSTEMS CORPORATION,

*Appellant*,

v.

COMCAST CABLE COMMUNICATIONS, LLC,

*Appellee*.

————

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Case No. IPR2018-00344

————

## UNOPPOSED MOTION TO FILE SUPPLEMENTAL APPENDIX

————

Jacob A. Schroeder
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Joseph M. Schaffner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Joshua L. Goldberg
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number:** 2022-1093

**Short Case Caption:** Promptu Systems Corporation v. Comcast Cable Communications, LLC

**Filing Party/Entity:** Promptu Systems Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: December 14, 2023     Signature:   /s/Jacob A. Schroeder

                            Name:   Jacob A. Schroeder

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☒ None/Not Applicable |
| Promptu Systems Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| Cory C. Bell<br>Daniel Klodowski<br><br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | John S. Ferrell<br>Wade C. Yamazaki<br><br>Carr & Ferrell LLP | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| | | |

Appellant Promptu Systems Corporation ("Promptu") respectfully moves to file a supplemental appendix including two (2) pages inadvertently omitted from the parties' Joint Appendix.    Promptu conferred with Appellee Comcast Cable Communications, LLC ("Comcast"), and Comcast does not oppose the motion.

In its opening brief (Dkt. 19), Promptu cited pages 1425-1426 of the Joint Appendix.    *See* Blue Br. 30-31 (citing Appx1425-1426 at 81:6-82:2).    While preparing for oral argument, however, counsel for Promptu discovered that these pages had been inadvertently omitted from the Joint Appendix.    Promptu thus respectfully seeks to file a supplemental appendix containing these inadvertently omitted pages.

Good cause exists for supplementing the appendix. Because Promptu quoted these pages in its opening brief, it is not raising a new argument or supplementing the appendix for an improper purpose.    Further, the omitted pages reflect a transcript of the parties' oral argument before the Board, and thus are part of the public record. Promptu also brings this motion timely, doing so immediately upon discovering the omitted pages during oral argument preparation. Promptu raises this motion to cure a clerical error and present the full record to the Court, not for strategic advantage or delay.

Finally, Promptu respectfully submits that a two-page supplemental appendix resolves the issue more efficiently than a new Joint Appendix. Preparing a new Joint

Appendix would require printing entire new volumes (public and confidential), as well as replacing appendices that the Court, parties, and staff may have already annotated. A two-page supplemental appendix does not raise these concerns.

Promptu attaches the proposed Supplemental Appendix with correct pagination as Exhibit A to this motion.

Dated:  December 14, 2023

Respectfully submitted,

*/s/ Jacob A. Schroeder*
Jacob A. Schroeder
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Joshua L. Goldberg
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Joseph M. Schaffner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street
Reston, VA 20190
(571) 203-2700

*Counsel for Appellant*

## DECLARATION OF JACOB A. SCHROEDER

Pursuant to 28 U.S.C. § 1746 and Federal Circuit Rule 26(b)(3), I declare under penalty of perjury that the statements in the foregoing motion are true and correct to the best of my knowledge, and that good cause underlies the motion as described herein.

Dated: December 14, 2023      */s/ Jacob A. Schroeder* _____
Jacob A. Schroeder
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

*Counsel for Appellant*

## <u>TABLE OF CONTENTS FOR EXHIBITS</u>

| Exhibit | Description |
|---------|-------------|
| A | Appx1425-1426, Excerpt from Oral Hearing Transcript, Paper No. 56 (Jan. 28, 2019) |

# EXHIBIT A

IPR2018-00342 (Patent RE44,326)
IPR2018-00343 (Patent RE44,326)
IPR2018-00344 (Patent 7,047,196)
IPR2018-00345 (Patent 7,047,196)

1    out each of them saying, well, this element was known, that element was

2    known, that element was known, otherwise the combination as a whole --

3         JUDGE LEE:  But then how would the other side rebut it?  You

4    know, it sounds like it's foolproof.

5         MR. SCHROEDER:  Based on --

6         JUDGE LEE:  If everyone likes your thing, it's irrebuttable.  I

7    mean, how can they disprove nexus?

8         MR. SCHROEDER:  That's a great question, Your Honor, and

9    that's addressed in the *WBIP* decision, where they could have put forth

10   evidence saying, your praise wasn't due to the claimed invention, or it wasn't

11   due to your product.  It was because you had superior marketing.  It was

12   because you were out there, you had a fleet of millions of sales workers out

13   there banging down doors, and that's why people were praising.  Or these

14   were paid marketing pieces.

15        There are other ways that they could show that we generated that --

16        JUDGE LEE:  It's written off, technological wise, they can't argue

17   that.

18        MR. SCHROEDER:  Exactly.  They could have put forth, though,

19   evidence that anything else was the cause of the praise, that anything else

20   was the cause of the long-felt need.  I don't think that the Federal Circuit has

21   necessarily written off any sort of attack to the technology.

22        Comcast could have shown, one, that our products didn't practice

23   our own patents.  They could have tried to rebut the presumption, which they

24   did not do.  Or they could have said, oh, your praise of this product or of

IPR2018-00342 (Patent RE44,326)
IPR2018-00343 (Patent RE44,326)
IPR2018-00344 (Patent 7,047,196)
IPR2018-00345 (Patent 7,047,196)

1    these features that embody your claims, were due to some unclaimed feature.

2    Your praise was because this was some other reason.

3            JUDGE LEE:  I understand, but for a claim feature that's really old

4    and everyone likes, that seems to be off the books, wouldn't it be that case?

5            MR. SCHROEDER:  According to this case, I think it puts the

6    onus on the patent challenger to come forward with evidence.  That's the

7    quote I've got from this case.

8            JUDGE LEE:  Evidence of other features, but they can't say --

9    really the only reason everyone liked your product is because of this feature,

10   which is extremely old.  So you can put this feature together with anything

11   else and people still would have liked it, but they can't say that anymore,

12   according to you, based on this case.

13           MR. SCHROEDER:  Based on this case, I think that's probably a

14   fair reading of that.  And I want to touch on two slides really quick, but just

15   to bring us home, maybe I'll just cut to the chase on slide 91.  We've heard a

16   lot of argument today that the combination of elements in the Promptu

17   patents was just an obvious advance over the prior art.  Well, let's look at

18   what Comcast said internal to Comcast after they studied the Promptu

19   product and knew and were aware of our patent applications, and they said

20   that AgileTV was the only vendor that is focused on voice recognition over

21   cable, has more knowledge than anyone else, and that nobody else is doing

22   this.

23           I mean, their very own admission that what we were doing was

24   something that no one else had done.  This is objective evidence from the

25   time of the invention that even they, perhaps the biggest cable company in

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2022-1093

**Short Case Caption:** Promptu Systems Corporation v. Comcast Cable Communications, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 263 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 12/14/2023

Signature: /s/ Jacob A. Schroeder

Name: Jacob A. Schroeder