No. 22-1093

IN THE
# United States Court of Appeals for the Federal Circuit

---

PROMPTU SYSTEMS CORPORATION,

*Appellant*

v.

COMCAST CABLE COMMUNICATIONS, LLC,

*Appellee*

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Case No. IPR2018-00344

---

## SUPPLEMENAL JOINT APPENDIX

---

Joshua L. Goldberg
FINNEGAN, HENDERSON,
 FARABOW, GARRETT &
 DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Jacob A. Schroeder
FINNEGAN, HENDERSON,
 FARABOW, GARRETT &
 DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600,
Washington, D.C. 20036
(202) 682-7511

James L. Day
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

*Counsel for Appellee*

Joseph M. Schaffner
FINNEGAN, HENDERSON,
　FARABOW, GARRETT &
　DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

*Counsel for Appellant*

Nos. 2022-1093

---

**PROMPTU SYSTEMS CORPORATION,**

*Appellant*

v.

**COMCAST CABLE COMMUNICATIONS, LLC,**

*Appellee,*

# SUPPLEMENTAL JOINT APPENDIX

# TABLE OF CONTENTS

| Ex. or Paper No. | Filing Date | Description | App'x No. |
|---|---|---|---|
| 56 | Jan. 28, 2019 | Record of Oral Hearing, IPR2018-00342, IPR2018-00343, IPR2018-00344, IPR2018-00345 | Appx1425-1426 |

IPR2018-00342 (Patent RE44,326)
IPR2018-00343 (Patent RE44,326)
IPR2018-00344 (Patent 7,047,196)
IPR2018-00345 (Patent 7,047,196)

1  out each of them saying, well, this element was known, that element was

2  known, that element was known, otherwise the combination as a whole --

3        JUDGE LEE:  But then how would the other side rebut it?  You

4  know, it sounds like it's foolproof.

5        MR. SCHROEDER:  Based on --

6        JUDGE LEE:  If everyone likes your thing, it's irrebuttable.  I

7  mean, how can they disprove nexus?

8        MR. SCHROEDER:  That's a great question, Your Honor, and

9  that's addressed in the *WBIP* decision, where they could have put forth

10  evidence saying, your praise wasn't due to the claimed invention, or it wasn't

11  due to your product.  It was because you had superior marketing.  It was

12  because you were out there, you had a fleet of millions of sales workers out

13  there banging down doors, and that's why people were praising.  Or these

14  were paid marketing pieces.

15        There are other ways that they could show that we generated that --

16        JUDGE LEE:  It's written off, technological wise, they can't argue

17  that.

18        MR. SCHROEDER:  Exactly.  They could have put forth, though,

19  evidence that anything else was the cause of the praise, that anything else

20  was the cause of the long-felt need.  I don't think that the Federal Circuit has

21  necessarily written off any sort of attack to the technology.

22        Comcast could have shown, one, that our products didn't practice

23  our own patents.  They could have tried to rebut the presumption, which they

24  did not do.  Or they could have said, oh, your praise of this product or of

IPR2018-00342 (Patent RE44,326)
IPR2018-00343 (Patent RE44,326)
IPR2018-00344 (Patent 7,047,196)
IPR2018-00345 (Patent 7,047,196)

1   these features that embody your claims, were due to some unclaimed feature.
2   Your praise was because this was some other reason.
3       JUDGE LEE:  I understand, but for a claim feature that's really old
4   and everyone likes, that seems to be off the books, wouldn't it be that case?
5       MR. SCHROEDER:  According to this case, I think it puts the
6   onus on the patent challenger to come forward with evidence.  That's the
7   quote I've got from this case.
8       JUDGE LEE:  Evidence of other features, but they can't say --
9   really the only reason everyone liked your product is because of this feature,
10  which is extremely old.  So you can put this feature together with anything
11  else and people still would have liked it, but they can't say that anymore,
12  according to you, based on this case.
13      MR. SCHROEDER:  Based on this case, I think that's probably a
14  fair reading of that.  And I want to touch on two slides really quick, but just
15  to bring us home, maybe I'll just cut to the chase on slide 91.  We've heard a
16  lot of argument today that the combination of elements in the Promptu
17  patents was just an obvious advance over the prior art.  Well, let's look at
18  what Comcast said internal to Comcast after they studied the Promptu
19  product and knew and were aware of our patent applications, and they said
20  that AgileTV was the only vendor that is focused on voice recognition over
21  cable, has more knowledge than anyone else, and that nobody else is doing
22  this.
23      I mean, their very own admission that what we were doing was
24  something that no one else had done.  This is objective evidence from the
25  time of the invention that even they, perhaps the biggest cable company in