**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

PROMPTU SYSTEMS CORPORATION,

*Appellant*,

v.

COMCAST CABLE COMMUNICATIONS, LLC,

*Appellee.*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board, Case No. IPR2018-00344

**SUPPLEMENTAL BRIEF FOR
COMCAST CABLE COMMUNICATIONS, LLC**

Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, D.C. 20036
(202) 682-7511
Mark.Perry@weil.com

*Counsel for Appellee
Comcast Cable
Communications, LLC*

Pursuant to the Court's order during oral argument on January 11, 2024, appellee Comcast Cable Communications, LLC and undersigned counsel, Mark A. Perry, respectfully submit this supplemental brief to address why sanctions are not warranted for the incorporation by reference of an argument made in another brief.

## BACKGROUND

Comcast retained Mr. Perry to represent it in four related appeals before this Court. *See* Nos. 19-2368, 20-1253, 22-1093, 22-1939. On Comcast's motion, the Court ordered "that the … appeals shall be considered companion cases and assigned to the same merits panel." *See* No. 19-2368, Dkt. No. 63, at 3.

In the final written decisions underlying two of the appeals, the Patent Trial & Appeal Board had determined that the "Murdock" reference was not prior art to the patents at issue. *See* No. 19-2368, Appx143–52; No. 22-1093, Appx66–80. In one appeal, Comcast argued as an alternative ground for affirmance that this determination was erroneous. *See* No. 19-2368, Response Br. 18–19, 24–25, 31, 55–62. In the second appeal, Comcast's brief included a footnote stating in relevant part that "Comcast has explained in the [previous] appeal why [the Board's Murdock ruling] was legal error," and that "[b]ecause the Board's reasoning that Murdock is not prior art was substantially the same in both proceedings, Comcast adopts those arguments by reference here to avoid duplication." No. 22-1093, Response Br. 8 n.1.

## DISCUSSION

First and foremost, Comcast and its counsel apologize to the Court for unnecessarily diverting the attention and taxing the resources of the Court and opposing counsel. We intended the incorporation by reference to enhance efficiency and avoid duplication, but now recognize that it had the opposite effect. We regret the error in judgment. At the same time, Comcast and its counsel respectfully submit that sanctions are unwarranted here. Although in retrospect the attempted incorporation was a mistake, the decision at the time of briefing was made in good faith.

The decision to incorporate the previous argument regarding Murdock was based solely on the desire to streamline the briefing for the panel and to save the time and resources of the Court. Given that the Board issued substantially identical decisions in two cases involving the same parties, which were designated companion cases on appeal to be heard by the same merits panel, Mr. Perry was of the view that cross-referencing Comcast's prior brief would be more efficient for the Court than repeating the same argument verbatim a second time. Although Comcast and its counsel understand that this could be seen as an effort to circumvent the word-count limitation, that was not the intention. The brief accurately states the reason for incorporation here—i.e., "to avoid duplication." No. 22-1093, Response Br. 8 n.1.

Before filing the response brief in the '196 IPR appeal, Mr. Perry reviewed Federal Rule of Appellate Procedure 28 and this Court's decision in *Monsanto Co.*

*v. Scruggs*, 459 F.3d 1328, 1335 (Fed. Cir. 2006), which held that the attempted incorporation by reference in an appellate brief of arguments made in a district court summary judgment brief contravened Rule 28(a)(6) (now Rule 28(a)(8)(A)). Mr. Perry determined that neither Rule 28 nor *Monsanto* directly addressed the situation here—where the argument to be adopted was made in a previous appellate brief filed by the same party in a companion appeal. Mr. Perry therefore concluded that incorporation was not prohibited in these circumstances, and he takes full responsibility for that decision.

Comcast and its counsel were unaware of this Court's decision in *Microsoft Corp v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014), until Promptu's reply brief was filed. *See* No. 22-1093, Reply Br. 28–29 (citing *Microsoft*). In that case, the Court held "that incorporation of co-party briefing is only allowed in consolidated cases as explained in Fed. R. App. P. 28(i) and that such incorporation cannot be used to exceed word count." 755 F.3d at 910. Although *Microsoft* involved incorporation by one party of arguments made by a different party, its reasoning has also been applied to briefing by the same party (albeit in different appeals heard before different panels on different dates). *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 86 F.4th 902, 903, 906–07 (Fed. Cir. 2023); *see also Medtronic, Inc. v. Teleflex Innovations S.À.R.L.*, 68 F.4th 1298, 1301 (Fed. Cir. 2023). Moreover, the party that improperly incorporated material by reference in *Microsoft* was represented by Weil,

Gotshal & Manges LLP, which has represented Comcast in these appeals since Mr. Perry joined that firm in May 2022.

Had we reviewed *Microsoft* before filing the brief at issue, we would not have included the incorporation footnote. In retrospect, it would have been better not to have included it regardless. However, in view of counsel's genuine—if misplaced—desire to streamline these proceedings, we respectfully submit that sanctions are not appropriate. While not dispositive, we note that this Court has apparently never ruled (one way or the other) on incorporation of arguments from the same party's brief in a companion appeal set for argument before the same panel.

Where this Court has found improper incorporation, it has deemed the argument waived or forfeited rather than imposing sanctions. *See Medtronic*, 86 F.4th at 907 ("We therefore consider Medtronic's challenges to the Board's finding of diligence waived"); *Rueter v. Dep't of Commerce*, 63 F.4th 1357, 1372 (Fed. Cir. 2023); *Monsanto*, 459 F.3d at 1335. That was the relief requested by Promptu. *See* No. 22-1093, Reply Br. 28–29. Although the Court's subsequent Rule 36 order has rendered this remedy moot, Comcast and counsel respectfully submit that no further consequences are warranted because the decision to include the footnote was made in good faith and to avoid duplication of efforts, and not for any improper purpose.

**CONCLUSION**

Comcast and its counsel again apologize to the Court for creating an unnecessary issue and needlessly consuming judicial resources. We respectfully submit that in these circumstances no sanctions are warranted.

Dated: January 19, 2024          Respectfully submitted,

*/s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
(202) 682-7511
Mark.Perry@weil.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I served a copy of the foregoing

SUPPLEMENTAL BRIEF FOR COMCAST CABLE COMMUNICATIONS, LLC

upon counsel of record, by electronic means via the Court's CM/ECF system.

Dated: January 19, 2024

*/s/ Mark A. Perry*
Mark A. Perry

## DECLARATION OF MARK A. PERRY

Pursuant to 28 U.S.C. § 1746 and Federal Circuit Rule 27(a)(4), I declare under penalty of perjury that the statements in the foregoing brief are true and correct.

Dated: January 19, 2024

*/s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
(202) 682-7511
Mark.Perry@weil.com

**CERTIFICATE OF COMPLIANCE**

The foregoing brief complies with the instructions given by Chief Judge Moore at oral argument on January 11, 2024, because it is no more than 10 pages long.

I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because the brief was prepared using Microsoft Word in 14-point Times New Roman font.

Dated: January 19, 2024

/s/ Mark A. Perry
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
(202) 682-7511
Mark.Perry@weil.com