# United States Court of Appeals for the Federal Circuit

---

**PROMPTU SYSTEMS CORPORATION,**
*Appellant*

v.

**COMCAST CABLE COMMUNICATIONS, LLC,**
*Appellee*

---

2022-1093

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00344.

---

## SUA SPONTE

---

JACOB ADAM SCHROEDER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Palo Alto, CA, for appellant. Also represented by JOSHUA GOLDBERG, Washington, DC; JOSEPH MICHAEL SCHAFFNER, Reston, VA.

MARK ANDREW PERRY, Weil, Gotshal & Manges LLP, Washington, DC, for appellee. Also represented by JOSHUA HALPERN; IAN ANTHONY MOORE, New York, NY; JAMES L. DAY, JR., Farella Braun & Martel LLP, San Francisco, CA.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

# ORDER

On January 11, 2024, this Court heard oral argument in four related cases: *Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC*, Nos. 19-2368 (consolidated with 19-2369), 20-1253, 22-1093, and 22-1939. Mr. Mark Perry ("Counsel") of the firm of Weil, Gotshal, & Manges LLP represented Appellee. At oral argument, Counsel was asked to submit a brief within 10 days, no more than 10 pages, to show cause why Counsel/Appellee should not be sanctioned for attempting to incorporate by reference multiple pages of argument from the brief in one case into another.

We have repeatedly held that incorporating argument by reference "cannot be used to exceed word count." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 910 (Fed. Cir. 2014); *see also Medtronic, Inc. v. Teleflex Life Sciences Ltd.*, 86 F.4th 902, 906–07 (Fed. Cir. 2023). It is "fundamentally unfair to allow a party to use incorporation to exceed word count." *Microsoft*, 755 F.3d at 910. That is exactly what would have occurred here had Appellee been allowed to incorporate by reference almost 2,000 words from a brief in a separate case—exceeding the total word count for its response brief in case 22-1093 by more than 1,300 words.

Counsel argued that Appellee's intent behind the incorporation by reference was to "enhance efficiency," "streamline the briefing," and "save the time and resources of the Court." Show Cause Br. at 2. Requiring the Court to cross-reference arguments from multiple briefs in multiple, separate cases does not increase efficiency nor does exceeding the word count. But we accept this mistake was made in good faith by Appellee at the time of briefing.

In its Reply Brief, Appellant argued that our case law prohibits the incorporation by reference Appellee

attempted. Reply Br. at 28–29 (citing *Microsoft*, 755 F.3d at 910). It is not only an inefficient use of this Court's resources, but unfair Appellant had to spend any of its reply brief or oral argument preparation addressing Appellee's improper argument.

Counsel argued that he and Appellee were unaware of our decision in *Microsoft* until Appellant's Reply Brief was filed, Show Cause Br. at 3, and had they been aware, they would not have included the incorporation by reference, *id.* at 4. *Microsoft* is not only a precedential decision of this Court, but a precedential decision of this Court that admonished the exact same law firm before us now for the exact same behavior. We accept as true Counsel's claim that he was not aware of the *Microsoft* decision until the Reply Brief referenced it. When it becomes apparent that a lawyer has violated a court rule, as an officer of the court, it would be best for that lawyer to bring it to the court's attention and withdraw the improper argument. Here, Appellee was made aware of our case law, but chose to do nothing.

We hoped not to have to write this order. Rule 28 of the Federal Rules of Appellate Procedure seems clear. *Microsoft* seems clear. *Medtronic* seems clear. These cases hold it is improper to exceed the word count through incorporation by reference. But Counsel argued to this Court that we "ha[ve] apparently never ruled (one way or the other) on incorporation of arguments from the same party's brief in a companion appeal set for argument before the same panel." Show Cause Br. at 4. Since Appellee has made this argument, it gets this Order.

Counsel's position is unreasonable given this Court's prior opinions. We accept as true Counsel's argument that he was unaware of this court's precedential decision in *Microsoft* in which his own law firm was admonished for exactly the same improper conduct. While we will not award sanctions in this case, future litigants should appreciate

that: (1) it is improper to incorporate material from one brief by reference into another unless in compliance with Fed. R. App. P. 28; (2) in no event is such incorporation permitted if it would result in exceeding the applicable word count; and (3) violating these provisions in the future will likely result in sanctions.

IT IS ORDERED THAT:

Parties may not incorporate by reference arguments into one brief from another unless in compliance with Fed. R. App. P. 28, and in no event is such incorporation permitted if it would result in exceeding the applicable word count.

FOR THE COURT

February 16, 2024
Date

Jarrett B. Perlow
Clerk of Court